ACME PLUMBING & HEATING COMPANY, APPELLEE, V. MARIE HIRSCH, APPELLANT.

FILED APRIL 24, 1931. NO. 27647.

*R. C. Rankin*, for appellant.

*Frederick J. Patz, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and PAINE, JJ.

DEAN, J.

The Acme Plumbing & Heating Company began this action in the district court for Lancaster county against Marie Hirsch to foreclose two mechanics' liens for $1,025 and $1,200, respectively. These liens represent a charge

for certain plumbing and heating material agreed to be installed in a 22-room house owned by the defendant and then under construction in Lincoln. The major portion of the plumbing and heating material provided for in the contracts had been installed when the house was destroyed by fire. It is agreed that the fire occurred through no fault of either party. The plaintiff alleges that the defendant neglected and continuously refused to meet any of the payments on the plumbing and heating material so installed. Thereupon the plaintiff filed liens against the property alleging full performance of the contracts and demanding payment for the full amounts named in the plumbing and heating contracts. After the trial was begun, however, the plaintiff was granted leave to amend its petition to the end that recovery might be had on a *quantum meruit* basis for the material and labor furnished, instead of for the full performance and full amounts of the contracts. Subsequently, upon submission of the evidence, the court rendered a decree in favor of the plaintiff and against the defendant for $1,291.12, for partial performance of both contracts as alleged. The defendant has appealed.

The defendant contends that the court erred in refusing to dismiss plaintiff's petition on account of alleged variance between the liens which were filed of record and the amended pleadings. While there appears to have been a variance between the pleadings and the proofs, such variance was not exercised in bad faith nor was it prejudicial to the defendant. Plaintiff contends that the action was commenced to recover the full amounts named in the contracts solely on the theory that the plaintiff was entitled to full reimbursement instead of only partial reimbursement for the material named in the contracts. We do not think the court erred in refusing to dismiss the plaintiff's petition. Section 20-846, Comp. St. 1929, provides:

"No variance between the allegation in a pleading and the proof is to be deemed material unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits."

And in discussing the rule as to the materiality of variance generally, a recognized authority points out that "a recovery will not be defeated because of a variance which is not substantial, or misleading, or prejudicial to defendant." 40 C. J. 454.

Shortly after the fire a member of the plaintiff company presented an itemized statement of the cost of the material and the labor expended on the building, and this statement was used by the defendant in arriving at the amount due her under her insurance policy from an insurance company. The plaintiff alleges that the defendant agreed to pay the amount due on the two liens if plaintiff would furnish an itemized statement of the plumbing and heating material lost and destroyed in the fire to assist in reaching the amount due her from the insurance company. But plaintiff further alleged that the defendant refused payment on the two liens after the insurance had been paid.

In *Matthews Construction Co. v. Brady,* 104 N. J. Law, 438, the court made this observation:

"Where under a contract for alterations and additions to an existing building performance depends on the continued existence of the structure, a condition is implied that impossibility of complete performance arising from its destruction without fault of the parties will absolve them from further liability, with the exception that the owner remains liable and the builder may recover for the value of the work done and materials delivered and accepted prior to such destruction."

And in *Angus v. Scully,* 176 Mass. 357, it was held:

"Where one is to make repairs or do any other work on the house of another under a special contract, and his contract becomes impossible of performance on account of the destruction of the house without any fault on his part, he may recover for what he has done, one of the implied conditions of the contract being that the building should continue to exist."

It appears to be established in cases of this character that, where the material installed in the building is in ac-

cordance with that specified in the contracts therefor, a plaintiff may recover for the value of such material, and also for the value of his labor, where the completion of the contract was prevented, as by fire in the present case, without the fault of either party.

·· In view of the facts presented by the record and of the law applicable thereto, we conclude that the judgment must be and it hereby is

AFFIRMED.